IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LUZ ENEIDA RODRIGUES, Petitioner, v. DAVID LEROY RODRIGUES, Respondent. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO REMAND** <br><br> Case No. 2:18-cv-00394-JNP <br><br> District Judge Jill N. Parrish |

Luz Rodrigues filed a petition for divorce in Utah state court on or around December 14, 2017. Her husband, David Rodrigues, received service of the petition on December 26, 2017. On April 17, 2018, a judge granted a bifurcated decree of divorce. On May 21, 2018, David filed a notice of removal of the divorce proceedings from state court to this court based upon diversity of citizenship between the parties. *See* 28 U.S.C § 1332(a).

Before the court is a motion filed by Luz to remand the case to state court. [Docket 3]. David did not file a timely response. The court GRANTS the motion for two reasons.

First, David filed his notice of removal late. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). This time limit is mandatory, and absent waiver by the party seeking remand, requires a remand to state court. *Adams v. W. Steel Buildings, Inc.*, 296 F. Supp. 759, 761 (D. Colo. 1969). Because David missed the thirty-day deadline for removal by several months, a remand is required.

Second, this court has no jurisdiction to hear divorce petitions based upon diversity of citizenship. *Barber v. Barber*, 62 U.S. (21 How.) 582, 583 (1858) ("This court disclaims altogether any jurisdiction in the courts of the United States upon the subject of divorce or for the allowance of alimony . . . ."); 13E CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3609 (3d ed. 2009). Absent subject matter jurisdiction over this case, the court must remand the case to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Finally, Luz asks this court to award her attorney fees pursuant to 28 U.S.C. § 1447(c), which provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Here, attorney fees are warranted because there was no reasonable basis for removal. David missed the mandatory thirty-deadline for removal by almost four months. Additionally, there is a categorical rule against removal of divorce cases based upon diversity of citizenship. Moreover, by waiting until after the state court granted the petition of divorce and awarded assets to Luz, it appears that David has attempted to thwart a lawful judgment of a state court by depriving that court of jurisdiction to enforce its orders. For this additional reason, attorney fees are warranted in this case.

**ORDER OF THE COURT**

The court, therefore, ORDERS the following:

(1) The court GRANTS Luz Rodrigues's motion to remand the case to state court. [Docket 3]. The court immediately remands this divorce petition to the Third Judicial District Court of Utah as case number 174907638 before Judge Kara Pettit.

(2) Any further removal of the state court action, Case No. 174907638, by David Rodrigues will have no force or effect and shall be deemed void.

(3) The court awards Luz Rodrigues her reasonable attorney fees and costs associated with her motion to remand the case. The court shall retain jurisdiction for the limited purpose of determining the amount of fees to award. Luz Rodrigues shall file a memorandum requesting the attorney fees and costs sought by July 9, 2018. David Rodrigues shall file a response by August 6, 2018. The court shall fix the amount of the award based upon the briefs. No oral argument will be held.

(4) The court DENIES AS MOOT David Rodrigues's motions to change venue [Docket 4], to arrest judgment [Docket 5], for alternative dispute resolution [Docket 6], and to appear by means of teleconference [Docket 7].

Signed June 25, 2018.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge